Wyman *v.* Dorr.

## Wyman *vs.* Dorr.

Where cattle were leased for a term of years, to be taken back by the owner, within the term, if he should think them unsafe in the hands of the lessee; it was held that the lessor could not reclaim them without notice.

And where cattle thus leased, were seized under an execution against the lessee, it was held that the lessor could not maintain replevin for them, he not having the right of immediate possession.

Leave to amend is granted at the discretion of the Court; and the exercise of this discretion cannot be impeached by a bill of exceptions.

This was replevin of a cow and a yoke of steers, against a deputy of the sheriff of *Kennebec*; and came before this Court upon exceptions taken to the opinion of *Perham J.* in the Court below, pursuant to the statute.

In the writ it was originally alleged that the property was taken at *Clinton* in the county of *Kennebec*, and was then detained in *Fairfield* in this county. It was replevied by a coroner of *Somerset*, and the defendant summoned by a constable of his own town, in the county of *Kennebec*. The coroner did not return that he had taken any bond of the plaintiff, as the statute requires; but a bond conformable to the statute was returned to the Court.

At the *second* term of the Court the defendant moved that the writ be quashed, because it was served by a coroner of *Somerset*, the sheriff of *that* county or his deputy not being parties to the suit; and because it did not appear that he had taken bond of the

plaintiff previous to, or upon, the replevin. And because upon the plaintiff's own shewing, the action ought to have been brought in the county of *Kennebec*, the property having been taken at *Clinton* in that county. But this motion the Judge overruled ; and permitted the plaintiff to amend his writ, by alleging the taking to have been in *Fairfield* in this county, and striking out *Clinton* in the county of *Kennebec*; the defendant opposing the amendment.

The defendant then pleaded that the property of the cow was in one *Benjamin Read*, and of the steers in one *Leonard Read*; which was traversed, and issue taken thereon.

These persons, being introduced as witnesses for the plaintiff, testified that the cow was received of the plaintiff by *Benjamin Read* in *June* or *July* 1822, to be kept four years and returned with another cow, according to the custom of farmers, reserving leave to the plaintiff to take back the cow, at any time when he should think himself unsafe;—and that the steers were received of the plaintiff by *Leonard Read* upon a special contract for their use, for six years, reserving to the plaintiff the same liberty to reclaim them if he should think himself unsafe.

The defendant contended that this transaction was colorable and fraudulent between the plaintiff and the *Reads*; and offered to prove that under the same execution, by virtue of which he had taken the cattle replevied, he also seized other beasts in the county of *Kennebec*; for which seizure an action was brought against him in the name of the present plaintiff, and supported principally by the testimony of the *Reads*;—and that after judgment for the plaintiff, he assigned the execution to *Benjamin Read without any consideration* ; and that *Read* collected and applied the money to his *own use*. This evidence the Judge rejected ; and instructed the jury that if they were satisfied that the plaintiff had a right, by the terms of the lease, to take back the cattle whenever he should think himself unsafe, and that the property was in the plaintiff, they ought to find for him; which they did.

*Rice* and *Allen* supported the exceptions.

The defects in the service of the writ being apparent on the record, the regular course of practice is to point them out to the

Court by motion, and not by plea; and in this way advantage may always be taken of them. It is deemed irregular to state any thing in the plea which is already on the record. As to the service by the coroner, it was a case in which he had no authority by law to execute the precept, because the defendant is not a deputy sheriff of that county. It is only where a sheriff or deputy of *his own* county is a party, that the statute requires the service of a coroner. *Moors v. Parker* 3 *Mass.* 310. *Cady v. Eggleston* 11 *Mass.* 282. *Brewer v. New-Gloucester* 14 *Mass.* 216. *Gage v. Gannett* 10 *Mass.* 176. *Cutts v. Haskins* 11 *Mass.* 56. *Lincoln County v. Prince* 2 *Mass.* 544. *Kennebec Co. v. Hawkes* 7 *Mass.* 461. *Scott v. Godwin* 1 *B. & P.* 67. *Stat.* 1821, *ch.* 93, *sec.* 1.

The taking having been in another county, and so originally alleged, the action should have been brought in that county. The Courts in this county have no jurisdiction of the cause; and the amendment ought not to have been permitted. *Stat.* 1820, *ch.* 80, *sec.* 4. *Robinson v. Mead* 7 *Mass.* 353. *Lucking v. Denning* 1 *Salk.* 201. *Nightingale v. Adams* 1 *Show.* 91. *Foot's case* 1 *Salk.* 93.

The witnesses were interested, and therefore incompetent. They had such a property in the cattle as would have entitled them to maintain trover or replevin; and of course had an interest attachable till the will of the owner was determined. *Ricker v. Kelley* 1 *Greenl.* 117. 1 *Chitty Pl.* 159. *Gordon v. Harper* 7 *D. & E.* 9. *Ward v. Macauley* 4 *D. & E.* 489. *Smith v. Plomer* 15 *East* 607.

The testimony rejected by the Judge ought to have been admitted, because it went to discredit the witnesses, and to shew fraud in the plaintiff. It might not have been conclusive, but it should have been weighed by the jury.

*Boutelle* for the plaintiff.

The defect of service was cured by the appearance of the defendant. This objection should have been taken by plea in abatement; but it is waived by imparlance. It could not now be a sufficient ground to reverse the judgment, on error; and there-

fore cannot be the ground of a *motion* to quash the writ. *Whiting v. Hollister* 2 *Mass.* 102. *Gilbert v. Nantucket Bank* 5 *Mass.* 97. *Thatcher v. Miller* 11 *Mass.* 413.

The leave to amend was properly granted; for the action may be brought in any county where the property is detained, as well as in that in which it was originally taken. 2 *Phil. Evid.* 126. 2 *Wils.* 354.

Here the plaintiff had the constructive possession of the goods, and this is sufficient to support the action of replevin. For he might reduce them to his actual possession at his pleasure. And if he had such right against the debtor, why not against all persons claiming under him? *Gordon v. Harper* 7 *D. & E.* 9.

MELLEN, C. J. at the ensuing *August* term in *Oxford*, delivered the opinion of the Court as follows.

This case comes before us on exceptions alleged against the opinions and instructions of the Court of Common Pleas.

As to the service of the writ, and non-return of the replevin bond;—objections on both these accounts are in abatement, and of course should have been made at the first term; they were too late at the *second* term. *Whiting v. Hollister* 2 *Mass.* 102. *Gilbert v. Nantucket Bank* 5 *Mass.* 91.

The objection as to *venue* was removed by the amendment, alleging the taking to have been in the county of *Somerset*. This amendment was made by leave of Court; it was a question of expediency and discretion merely, and not of law, and therefore not liable to exception; as we have decided in *Clapp & al. v. Balch*.

As to the question of fraud,—it was properly submitted to the jury and they have decided it in favor of the plaintiff.

The remaining and more important inquiry respects the right of the plaintiff to maintain the action, considering the circumstances in which the property was placed when replevied. Replevin cannot be maintained except by him who has a property in the goods, either *general* or *special*. *Waterman v. Robinson* 5. *Mass.* 303. *Ludden v. Leavitt* 9 *Mass* 104. *Perley v. Foster ib.* 112. And he must not only have the property, but an immediate right of possession. 1 *Chitty Pl.* 159; even *trover* requires such

immediate right of possession. *Ward v. Macauley* 4 *D. & E.* 489, and *Gordon v. Harper* 7 *D. & E.* 9. Let us apply the principles of these cases to the facts in the case at bar. In *June* or *July* 1822, the plaintiff leased the cow to *Benjamin Read* for four years, and the steers to *Leonard Read* for *six* years; in both instances under an agreement reserving to him leave to take them back *when he should think himself unsafe*. Neither of the limited terms had expired when the replevin was sued; and there is no proof in the case that prior to the commencement of this action the plaintiff thought himself unsafe; or, if he did, that he had given notice thereof either to *Benjamin* or *Leonard Read*, or to the defendant, the attaching officer; and in the case of *Smith v. Plomer & al.* 15 *East* 607, it was decided that where goods were let without limitation as to time, the lease must be determined by notice to the lessee; and that notice to the *officer* is not sufficient. In the present case no notice was given to *either*. The leases then for four and six years were in full force at the time the action was commenced; and of course, at that time, he had no *immediate right of possession*; and therefore, according to the authorities, which are not questioned or overruled, the plaintiff is not by law entitled to maintain his action.

The exceptions are sustained;—the verdict is set aside, and a trial is to be had at the bar of this Court